IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CYRUS DEMOND RUFFIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) 1:15CV913 |
| v. | ) 1:13CR398-1 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Cyrus Demond Ruffin, a federal prisoner, brings a Motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Docket Entry 30) and a Motion to Amend or Supplement that Motion (Docket Entry 37). The Court will grant that Motion to Amend or Supplement. Petitioner pled guilty to possession of firearms by a convicted felon in violation 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Petitioner was subsequently sentenced to 92 months of incarceration. In the current Motion and Motion to Amend or Supplement, Petitioner raises a single ground for relief challenging the application of a sentencing enhancement under United States Sentencing Guidelines § 2K2.1 based on *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015). In its Response, the Government contends that *Johnson* does not retroactively apply to claims on collateral review and that *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015), bars Petitioner's claims. (Docket Entry 38.) The Court

previously stayed this matter pending the decision in *Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886 (2017). Based on the decision in that case, the stay will be lifted and the case will be decided.

The United States Supreme Court in *Johnson* limited the Armed Career Criminal Act by invalidating as unconstitutionally vague the "residual clause" of the statute, which covered any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Johnson*, 135 S. Ct at 2563. The Petitioner argues here that *Johnson* limits the Guideline at issue in the same way. However, in *Beckles*, the United States Supreme Court held that the advisory United States Sentencing Guidelines are not subject to the type of vagueness challenge under the Due Process Clause that prevailed in *Johnson* with respect to the Armed Career Criminal Act, 18 U.S.C. § 924(e). *Beckles*, 137 S. Ct. at 895. Thus, like the petitioner in *Beckles*, Petitioner cannot obtain relief from his sentence based on *Johnson*. In light of the issuance of the decision in *Beckles*, the Court will lift the prior stay in this case and, based on *Beckles*, the Court should deny Petitioner's *Johnson* claim, as amended.

After the Government's Response, Petitioner also filed a Motion to Supplement (Docket Entry 41) and a Motion to Amend (Docket Entry 42). In both additional motions, Petitioner argues that, despite the stated advisory nature of the sentencing guidelines in *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015), the guidelines are essentially mandatory in practice and should be reviewable in a § 2255 motion because of the decision in *In re Hubbard*, 825 F.3d 225 (4th Cir. 2016). (Docket Entry 41 at 2; Docket Entry 42 at 2.) Although the Court will allow Petitioner to supplement and amend his claim in light of *In re Hubbard*, that decision

2

Case 1:13-cr-00398-LCB   Document 45   Filed 07/06/17   Page 2 of 3

does not affect the outcome of his § 2255 Motion. Petitioner's allegations that the guidelines are actually mandatory and that *Johnson* is applicable to a guidelines challenge is erroneous in light of the Court's decision in *Beckles*. The Court in *Beckles* was dealing with an advisory version of the United States Sentencing Guidelines and held that a *Johnson* claim cannot be brought challenging those Guidelines. *Beckles*, 137 S. Ct. at 895. Therefore, Petitioner's argument under *In re Hubbard*, which was issued prior to *Beckles*, fails and should be denied.

**IT IS THEREFORE ORDERED** that the prior stay in this case is lifted.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Amend or Supplement (Docket Entry 37), Motion to Supplement (Docket Entry 41), and Motion to Amend (Docket Entry 42) are **GRANTED**.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion (Docket Entry 30) to vacate, set aside or correct sentence be **DENIED** and that this action be dismissed.

This, the 6th day of July, 2017.

Joe L. Webster
United States Magistrate Judge